IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARK LINDER, §
§
    Plaintiff, §
§
v. §
§ CIVIL ACTION NO. _____
UNUM LIFE INSURANCE COMPANY §
OF AMERICA (UNUM), §
ADMINISTRATOR OF THE §
HSBC NORTH AMERICA §
HOLDINGS INC. §
LONG TERM DISABILITY PLAN, §
§
    Defendant. §

## COMPLAINT

### PRELIMINARY STATEMENT

1. Plaintiff Mark Linder, hereinafter referred to as "Plaintiff," brings this ERISA action against Unum Life Insurance Company of America (Unum), Administrator of the HSBC North America Holdings Inc. (HSBC) Long Term Disability Plan, hereinafter referred to as "Defendant". Plaintiff brings this action to secure all disability benefits, whether they be described as short term and or long term, to which Plaintiff is entitled under a disability insurance policy underwritten and administered by Unum. Plaintiff is covered under the policy by virtue of his employment with HSBC.

### PARTIES

2. Plaintiff is a citizen and resident of West Milton, Pennsylvania.

3. Defendant is a properly organized business entity doing business in the State of Pennsylvania.

4. The disability plan at issue in the case at bar was funded and administered by

Defendant.

5.      Defendant is a business entity doing business in the Middle District of Pennsylvania.  Defendant may be served with process by serving its registered agent, HSCB North America Holdings, Inc., 2700 Sanders Road, Benefits 1E, Prospect Heights, Illinois 60070.

## JURISDICTION AND VENUE

6.      This court has jurisdiction to hear this claim pursuant to 28 U.S.C. § 1331, in that the claim arises under the laws of the United States of America.  Specifically, Plaintiff brings this action to enforce his rights under the Employee Retirement Income Security Act ("ERISA"), as allowed by 29 U.S.C. §§ 1132, 1133, & 1140, and as further defined by I.R.C. § 62(e)(18).

7.      Venue in the Middle District of Pennsylvania is proper by virtue of Plaintiff's employment and Defendant's doing business in the Middle District of Pennsylvania.

## CONTRACTUAL AND FIDUCIARY RELATIONSHIP

8.      Plaintiff has been a covered beneficiary under a group disability benefits policy issued by Defendant at all times relevant to this action.  Said policy became effective January 1, 2005.

9.      The disability policy at issue was obtained by Plaintiff by virtue of Plaintiff's employment with HSBC at the time of Plaintiff's onset of disability.

10.     Under the terms of the policy, Defendant administered the Plan and retained the sole authority to grant or deny benefits to applicants.

11.     Defendant funds the Plan benefits.

12. Because the Defendant both funds the plan benefits and retains the sole authority to grant or deny benefits, Defendant has an inherent conflict of interest.

13. Because of the conflict of interest described above, Defendant's decision to deny disability benefits should be reviewed by this Court under a de novo standard of review.

14. Further, in order for the Plan Administrator's decisions to be reviewed by this Court under an "arbitrary and capricious" standard, the Plan must properly give the Plan Administrator "discretion" to make said decisions within the plain language in the Plan.

15. Plaintiff contends that the Plan fails to give the Defendant said discretion or that the granting of said discretion is so vague as to be legally defective.

16. Defendant has a fiduciary obligation to administer the Plan fairly and to furnish disability benefits according to the terms of the Plan.

## ADMINISTRATIVE APPEAL

17. Plaintiff is a 39 year old man previously employed by HSBC as a "Branch Sales Manager."

18. Branch Sales Manager is classified under the Dictionary of Occupational Titles as Sedentary with an SVP of 8 and considered to be skilled work.

19. Due to Plaintiff's degenerative and traumatic injuries, Plaintiff ceased actively working on April 4, 2006, as on this date Plaintiff suffered from Lyme Disease.

20. Plaintiff alleges that he became disabled on April 5, 2006.

21. Plaintiff filed for short term disability benefits with Defendant.

22. Short term disability benefits were granted.

23. Plaintiff filed for long term disability benefits through the plan administered by the

Defendant.

24. On December 24, 2006, Defendant initially granted Plaintiff's request for long term disability benefits under the Plan.

25. Subsequently, Defendant denied further long term disability benefits under the Plan pursuant to a letter to Plaintiff dated April 9, 2008. Said letter allowed Plaintiff 180 days to appeal this decision.

26. At the time Defendant denied Plaintiff further long term disability benefits, the disability standard in effect pursuant to the Plan was that Plaintiff must be considered unable to perform "Any Occupation".

27. If granted the plan would pay monthly benefit of $3,253.12.

28. On September 26, 2008, Plaintiff pursued his administrative remedies set forth in the Plan by requesting administrative review of the denial of benefits.

29. Plaintiff timely perfected his administrative appeal pursuant to the Plan by sending letter requesting same to the Defendant.

30. Plaintiff submitted additional information including medical records to show that he is totally disabled from the performance of both his own and any other occupation as defined by the Plan. Plaintiff was granted benefits through February 12, 2009.

31. On November 20, 2008, Defendant notified Plaintiff that Defendant would not approve Plaintiff's claim for long term disability benefits beyond February 12, 2009.

32. Plaintiff filed an appeal pursuant to the terms of the Plan on January 7, 2009, and again Plaintiff submitted additional information including medical records to show that he is totally disabled from the performance of both his own and any other occupation as

defined by the Plan.

33. Defendant, in its final denial dated March 11, 2009, discounted the opinions of Plaintiff's treating physicians, among others, and the documented limitations from which Plaintiff suffers including the effects of Plaintiff's impairments on his ability to engage in work activities.

34. Plaintiff has now exhausted his administrative remedies, and his claim is ripe for judicial review pursuant to 29 U.S.C. § 1132.

## MEDICAL FACTS

35. Plaintiff suffers from multiple medical conditions resulting in both exertional and nonexertional impairments.

36. Plaintiff suffers from Lyme Disease, dizziness, balance problems, unsteadiness, joint stiffness, tremor, weakness and severe memory problems.

37. Treating physicians document continued Lyme Disease and deficits in subcortical functions including lower level executive and learning/ memory abilities along with frontal lobe connections as well as poor focus and cognitive interference.

38. Plaintiff's multiple disorders have resulted in restrictions in activity, have severely limited Plaintiff's range of motion, and have significantly curtailed his ability to engage in any form of exertional activity.

39. Further, Plaintiff's physical impairments have resulted in chronic pain and discomfort.

40. Plaintiff's treating physicians document these symptoms. Plaintiff does not

assert that he suffers from said symptoms based solely on his own subjective allegations.

41. Physicians have prescribed Plaintiff with multiple medications, including narcotic pain relievers, in an effort to address his multiple symptoms.

42. However, Plaintiff continues to suffer from break through pain, discomfort, and limitations in functioning, as documented throughout the administrative record.

43. Plaintiff's documented pain is so severe that it impairs his ability to maintain the pace, persistence and concentration required to maintain competitive employment on a full time basis, meaning an 8 hour day, day after day, week after week, month after month.

44. Plaintiff's medications cause additional side effects in the form of sedation and cognitive difficulties.

45. The aforementioned impairments and their symptoms preclude Plaintiff's performance of any work activities on a consistent basis.

46. As such, Plaintiff has been and remains disabled per the terms of the Plan and has sought disability benefits pursuant to said Plan.

47. However, after exhausting his administrative remedies, Defendant persists in denying Plaintiff his rightfully owed disability benefits.

**WRONGFUL DENIAL OF BENEFITS UNDER ERISA, 29 U.S.C. § 1132**

48. Defendant has wrongfully denied disability benefits to Plaintiff in violation of Plan provisions and ERISA for the following reasons:

    a. Plaintiff is totally disabled, in that he cannot perform the material duties of

       his own occupation, and he cannot perform the material duties of any other occupation which his medical condition, education, training, or experience would reasonably allow;

  b.    Defendant failed to afford proper weight to the evidence in the administrative record showing that Plaintiff is totally disabled;

  c.    Defendant's interpretation of the definition of disability contained in the policy is contrary to the plain language of the policy, as it is unreasonable, arbitrary, and capricious, and;

  d.    Defendant has violated its contractual obligation to furnish disability benefits to Plaintiff.

**WHEREFORE, PLAINTIFF PRAYS THAT THE COURT:**

49.    Grant Plaintiff declaratory and injunctive relief, finding that he is entitled to all past due short term and long term disability benefits yet unpaid under the terms of the Plan, and that Defendant be ordered to pay all future short term and long term disability benefits according to the terms of the Plan until such time as Plaintiff is no longer disabled or reaches the benefit termination age of the Plan.

50.    Enter an order awarding Plaintiff all reasonable attorney fees and expenses incurred as a result of Defendant's wrongful denial in providing coverage, and;

51.    Enter an award for such other relief as may be just and appropriate.

Respectfully submitted,


By:  /s/ Brian J. Bluth
    PA 87432
    McCORMICK LAW FIRM
    835 West Fourth Street
    Williamsport, PA  17701
    (570) 326-5131
    (570) 601-0768 (fax)
    bbluth@mcclaw.com
    ATTORNEY FOR PLAINTIFF
      MARK LINDER